PER CURIAM:
I
El 4 de junio de 2013, la Oficina de la Procuradora General de Puerto Rico (PG) presentó una querella sobre conducta profesional contra la Leda. Nereida Rivera Navarro (querellada o licenciada). La querella presentada por la PG imputaba la violación a los Cánones 8, 9,12,18, 20, 23, 35 y 38 del Código de Ética Profesional.(1) La situación que da base a la imputación de estas violaciones a los cánones de ética profesional surgió como consecuencia de una queja presentada el 21 de octubre de 2009 por el honorable Héctor Clemente Delgado, juez superior del Tribunal de Primera Instancia. En su queja, el togado refiere a nuestra atención a la abogada de epígrafe por entender que las actuaciones de la licenciada en el caso Jennie Marie Hayeck Arroyo v. Teresa Pérez Guevara, Civil Núm. D-AC2004-1725, sobre liquidación de Sociedad Legal de Gananciales y partición de herencia, constituían una conducta prohibida por los mencionados cánones de ética. En el referido caso la licenciada Rivera Navarro representaba a la Sra. Jennie Hayeck Arroyo como parte demandante.
El honorable juez Clemente Delgado expuso en su Resolución que la licenciada poseía $92,667.53 pertenecientes al caudal hereditario del caso. En un principio, su dienta entregó estos fondos para que se consignaran en el Tribunal. Sin embargo, la licenciada Rivera Navarro, sin estar autorizada por la Sucesión, los depositó en una cuenta personal en la cual ella era la única firmante autorizada.
*307 Según surge del expediente, el 18 de mayo de 2004 la licenciada Rivera Navarro presentó un escrito titulado Moción Solicitando Remedios Provisionales. En este escrito informó que el causante Luis Manuel Arroyo Palou —abuelo materno de la Sra. Jennie Hayeck Arroyo—, al momento de su fallecimiento, poseía varias cuentas y una caja de seguridad en una institución bancaria.(2) El escrito señalaba, además, que la también causante María Luisa Arroyo Matta —madre de la Sra. Jennie Hayeck Arroyo— poseía, por su parte, varias cuentas bancarias al momento de fallecer.(3)
Así las cosas, la licenciada Rivera Navarro solicitó al tribunal que se emitieran varias órdenes dirigidas a las instituciones bancarias, a los efectos de congelar las cuentas para evitar que los fondos fueran dilapidados. Estas órdenes fueron emitidas por el Tribunal de Primera Instancia según solicitado. A pesar de lo anterior, el 14 de marzo de 2006, a solicitud de la dienta de la licenciada Rivera Navarro, el Banco Santander canceló las cuentas de los causantes y emitió cinco cheques, dos a nombre de la señora Hayeck y otros tres a nombre de varios miembros de la Sucesión.
Luego de haber recibido los cinco cheques, la señora Hayeck retuvo y cambió dos de estos, pertenecientes a las cuentas de la causante María L. Arroyo Matta, ya que era la única heredera. En cambio, los otros tres cheques, pertenecientes al caudal hereditario del Sr. Luis Manuel Arroyo Palou, se entregaron a la licenciada Rivera Navarro para que los consignara en el Tribunal de Primera Instancia. No obstante, estos cheques, cuya cantidad total era de $100,567.78, la licenciada los endosó y depositó en una cuenta bancaria personal en la cual ella aparecía como única persona autorizada.
En la Conferencia con Antelación a Juicio, celebrada el 17 de febrero de 2009, la parte demandada solicitó al tri *308 bunal que se emitiera una orden de arresto contra la representada de la licenciada Rivera Navarro. Esto, pues la señora Hayeck no estaba presente para explicar las razones por las cuales se había retirado sin autorización el dinero de las cuentas bancarias pertenecientes al caudal hereditario. Por su parte, la licenciada Rivera Navarro suplicó al tribunal que no emitiera la orden de arresto contra su dienta. Al serle negada su petición por el tribunal, la licenciada informó que ella tenía en su oficina dos de los cheques que sumaban sobre $92,667.53, pero que por la fecha en que se emitieron se debían hacer cheques nuevos. Añadió que el resto del dinero había sido utilizado por su dienta, la señora Hayeck. A pesar de la argumentación de la licenciada, el tribunal emitió una orden de arresto contra la señora Hayeck con una fianza de $2,000 y la citó para que compareciera el 4 de marzo de 2009 para aclarar el asunto.
Según surge del Informe de la Comisionada, ese mismo día —17 de febrero de 2009— la parte demandada trajo a la consideración del tribunal que, contrario a lo expresado por la parte demandante, el expediente de la institución bancaria reflejaba que los cheques de referencia no estaban en posesión de la licenciada en su oficina, sino que habían sido endosados y depositados por la licenciada Rivera Navarro en una cuenta personal exclusiva. La parte demandada solicitó la descalificación de la licenciada Rivera Navarro del caso por las implicaciones éticas que lo anterior pudiese representar. El foro de instancia accedió y señaló la vista para el 27 de abril de 2009, en la cual se discutiría la descalificación de la licenciada. A dicha vista la licenciada no se presentó ni excusó su incomparecencia. Posteriormente, el tribunal concedió la descalificación.
El 6 de julio de 2009 se celebró otra vista en la que Jennie Hayeck declaró bajo juramento ante el tribunal que le había solicitado la renuncia y la devolución del expediente a la licenciada Rivera Navarro mediante cartas y llamadas *309 telefónicas. Además, testificó que la licenciada había acordado con ella que asistiría a la vista, pero no cumplió. En respuesta para el record, el tribunal resolvió que “ ‘para todo fin práctico y legal la licenciada Rivera Navarro no es abogada de la parte demandante, primero porque fue descalificada y segundo porque la parte demandante indicó bajo juramento que no la quiere como abogada’ [...]”. (Enfasis suprimido). Querella, pág. 5. Además, el tribunal le concedió cinco días a la licenciada Rivera Navarro para que entregara el expediente a la demandante.
Así las cosas, ante el reiterado incumplimiento de la licenciada, el 6 de octubre de 2009 el tribunal emitió una orden en la cual citó para una vista el 23 de diciembre de 2009. En esta vista la licenciada Rivera Navarro debía mostrar causa por la cual no debía declararse que incurrió en desacato por incumplir con las órdenes anteriores. La orden dispuso que se diligenciara personalmente por conducto de la Oficina de Alguaciles del Tribunal de Bayamón, aun fuera de horas laborables.
El 28 de octubre de 2009 la Unidad de Citaciones Arrestos del tribunal de Caguas certificó para el tribunal de Bayamón las gestiones realizadas para notificar la orden a la licenciada, sin tener éxito. Aun cuando no fue notificada, la licenciada Rivera Navarro compareció a la vista del 23 de diciembre de 2009 y consignó un giro por $48,687.32.(4) Además, solicitó que se descongelara su cuenta personal en el Banco Popular, que había sido previamente congelada para asegurar la disponibilidad de los fondos adeudados.(5) *310 De esta forma, adujo la licenciada Rivera Navarro, podría pagar los restantes $43,980.21. El tribunal le concedió 10 días a la licenciada para consignar el resto del dinero.
A pesar de varios trámites procesales a estos fines, la licenciada incumplió con dichas órdenes. Según surge en la Minuta del 8 de septiembre de 2010, el Tribunal de Primera Instancia hizo constar que a dicha fecha la licenciada aún debía el dinero; incumplió así con las órdenes del tribunal.
II

Infracción al Canon 8

El Código de Ética Profesional recoge las normas mínimas de conducta que regulan la profesión de la abogacía y promueven las guías de comportamiento ejemplar para beneficio de la ciudadanía, la profesión y las instituciones de justicia.(6)
En lo relativo al caso que nos ocupa, el Canon 8 del Código de Ética Profesional, supra, dispone que el abogado o la abogada “no debe permitir que sus clientes, en el trámite de los asuntos que crean la relación de abogado y cliente, incurran en conducta que sería impropia del abogado si él la llevase a cabo personalmente”.(7)
En el caso Jennie Marie Hayeck Arroyo v. Teresa Pérez Guevara, supra, la prueba dispone que Jennie Hayeck acudió a la institución bancaria en la cual se encontraba el dinero perteneciente al caudal hereditario y lo retiró. Esto a sabiendas de que, a petición de su representación legal, se habían congelado las cuentas para que las partes no pudieran retirar los fondos. Al momento de incurrir en tal conducta, la señora Hayeck se encontraba representada y *311 asesorada por la licenciada Rivera Navarro, la cual retuvo varios de los cheques sin consignarlos inmediatamente en el tribunal.
Indudablemente, la licenciada Rivera Navarro no tan solo representaba, asesoraba y conocía de las acciones de su dienta, sino que colaboró activamente con su conducta. Esto, pues, si bien los cheques se emitieron a petición de su dienta el 14 de marzo de 2007, la licenciada los depositó en su cuenta personal el 29 de junio de 2007, sin notificar de lo sucedido a las partes del pleito. De esta forma, guardó silencio ante los reclamos de la otra parte e, incluso, ante los cuestionamientos del tribunal sobre el paradero de estos fondos.
No es hasta luego de que la parte demandada la confrontara con el expediente de la institución bancaria en la que se demuestra que fue la licenciada quien endosó y depositó los cheques, que la licenciada admitió que tenía conocimiento de estas actuaciones. Así, luego de múltiples órdenes del tribunal y continuos incumplimientos por parte de la licenciada, poco a poco la querellada devolvió parte de estos fondos. Sin embargo, al momento del inicio de este proceso disciplinario la licenciada aún debía una suma significativa de los fondos pertenecientes al caudal hereditario del pleito. Es precisamente la conducta en la que incurrió la licenciada Rivera Navarro la que prohíbe el Canon 8 del Código de Etica Profesional, supra. Por ello, en definitiva, la querellada infringió el Canon 8 con su forma de proceder.
t—I

Infracción al Canon 9

El Canon 9 del Código de Etica Profesional, supra, obliga al abogado a cumplir con su deber de atender pronta y diligentemente las órdenes del tribunal. De esta forma, se le exige a los abogados a comparecer a los señalamientos *312 notificados por el tribunal. Lo anterior es corolario del respeto profundo que se les exige tener hacia el foro judicial.(8)
Hemos reiterado en innumerables ocasiones que “ la desatención a las órdenes emitidas por los tribunales de justicia constituye un grave insulto a la autoridad de éstos, en directa violación al deber de la conducta exigida por el referido Canon [9]’ ”. (Corchetes en el original).(9)
Un análisis del trámite procesal del caso que propició esta querella revela que la Leda. Nereida Rivera Navarro hizo caso omiso en reiteradas ocasiones a las órdenes del Tribunal de Primera Instancia, que le requerían consignar en el tribunal las sumas de dinero del caudal hereditario que retuvo en su cuenta personal sin la autorización de las partes No obstante, la licenciada hizo caso omiso a las órdenes del tribunal a esos fines y optó por retenerlas en su poder, lo que constituye una clara falta de respeto al tribunal.(10)
El continuo incumplimiento de la licenciada Rivera Navarro con las órdenes del tribunal ocasionó un sinnúmero de inconvenientes a las partes y al tribunal. En definitiva, la actuación de la licenciada laceró la búsqueda de la justicia y es incompatible con la conducta esperada en los miembros de esta profesión. Sin duda, la conducta de la licenciada infringió el referido Canon 9.
IV

Infracción al Canon 12

El Canon 12 del Código de Etica Profesional, supra, dispone:

*313
Canon 12. Puntualidad y tramitación de las causas

Es deber del abogado hacia el tribunal, sus compañeros, las partes y testigos el ser puntual en su asistencia y conciso y exacto en el trámite y presentación de sus causas. Ello implica el desplegar todas las diligencias necesarias para asegurar que no se causen indebidas dilaciones en su tramitación y solución. Sólo debe solicitar la suspensión de vista cuando existan razones poderosas y sea indispensable para la protección de los derechos sustanciales de su cliente.
El mencionado canon impone al abogado ser puntual y diligente al momento de tramitar las causas.(11) Asimismo, exige a los abogados que sean responsables en la tramitación de los casos que les son encomendados para evitar que se entorpezca su resolución.(12)
A su vez, hemos resuelto que el abogado debe cumplir con la obligación que se establece en el Canon 12 de Ética Profesional en todas las etapas de un litigio.(13) Además, hemos enfatizado que los abogados deben la más estricta observancia a las órdenes judiciales. Los abogados que no presten la diligencia requerida pueden quedar sujetos al rigor disciplinario.(14) Así, es norma claramente establecida que la “desobediencia de las órdenes del tribunal demuestra una grave infracción a los principios básicos de ética profesional, que exigen el mayor respeto hacia los tribunales”.(15)
La falta de diligencia de la licenciada Rivera Navarro en la tramitación del caso se manifestó al no atender las órdenes y los requerimientos del tribunal mientras fungió como representante legal de Jennie Hayeck. Lo anterior provocó la celebración de incidentes procesales para la resolución del pleito que, si la licenciada hubiese actuado diligentemente, no hubiese sido necesario celebrarlos. Esto hizo que el caso *314 se dilatara injustificadamente y provocó gastos adicionales a la dienta de la licenciada Rivera Navarro. La falta de diligencia en el trámite del caso por parte de la licenciada Rivera Navarro provocó la violación al Canon 12, supra.
V

Infracción del Canon 18

El Canon 18 del Código de Ética Profesional, supra, establece, en lo pertinente, lo siguiente:

Canon 18. Competencia del abogado y consejo al cliente

Será impropio de un abogado asumir una representación profesional cuando está consciente de que no puede rendir una labor idónea competente y que no puede prepararse adecuadamente sin que ello apareje gastos o demoras irrazonables a su cliente o a la administración de la justicia.
Es deber del abogado defender los intereses del cliente diligentemente, desplegando en cada caso su más profundo saber y habilidad y actuando en aquella forma que la profesión jurídica en general estima adecuada y responsable.
Las actuaciones de la licenciada Rivera Navarro van en contra de la letra clara de este canon, toda vez que no se desempeñó de forma competente al defender los intereses de su dienta. Por el contario, la licenciada hizo caso omiso a su deber de proteger los intereses de ésta y desempeñarse a la altura que requiere la profesión legal. La desatención de las órdenes del tribunal por parte de la licenciada y sus otras acciones han provocado que la señora Hayeck sea demandada por lo acontecido ante los tribunales mientras era representada legalmente por la licenciada Rivera Navarro. Sin lugar a dudas, el desempeño de la licenciada en el referido caso no se ajusta a lo esperado de los miembros de nuestra profesión legal al amparo del Canon 18, supra.
*315 VI

Infracción del Canon 20

El Canon 20 del Código de Ética Profesional, supra, dispone lo siguiente:

Canon 20. Renuncia de representación legal

Cuando el abogado haya comparecido ante un tribunal en representación de un cliente no puede ni debe renunciar la representación profesional de su cliente sin obtener primero el permiso del tribunal y debe solicitarlo solamente cuando exista una razón justificada e imprevista para ello.
Antes de renunciar a la representación de su cliente el abogado debe tomar aquellas medidas razonables que eviten perjuicio a los derechos de su cliente tales como notificar de ello al cliente; aconsejarle debidamente sobre la necesidad de una nueva representación legal cuando ello sea necesario; concederle tiempo para conseguir una nueva representación legal; aconsejarle sobre la fecha límite de cualquier término de ley que pueda afectar su causa de acción o para la radicación de cualquier escrito que le pueda favorecer; y el cumplimiento de cualquier otra disposición legal del tribunal al respecto, incluyendo la notificación al tribunal de la última dirección conocida de su representado.
Al ser efectiva la renuncia del abogado debe hacerle entrega del expediente a su cliente y de todo documento relacionado con el caso y reembolsar inmediatamente cualquier cantidad adelantada que le haya sido pagada en honorarios por servicios que no se han prestado.
Como hemos mencionado, indudablemente, al retener el dinero sin autorización de la comunidad hereditaria y no consignarlo, la licenciada Rivera Navarro provocó un conflicto con los mejores intereses de su dienta. Así se le advirtió desde la vista celebrada el 9 de febrero de 2009. Por su parte, el tribunal descalificó a la licenciada Rivera Navarro del caso. Además, su representada manifestó reiteradamente su deseo de que la licenciada renunciara a su representación legal y le devolviera el expediente. Sin embargo, a pesar de haber sido descalificada y de la solicitud de su dienta, la licenciada no devolvió el expediente *316 inmediatamente como exige el Canon 20, supra. Cuando un cliente solicita la entrega del expediente, el abogado está obligado a entregarlo de inmediato y sin dilación alguna.(16) La actuación de la licenciada claramente violó el mencionado canon.
VII

Infracción del Canon 23

En lo pertinente a nuestro caso, el Canon 23 del Código de Ética Profesional, supra, en lo pertinente, establece:

Canon 23. Adquisición de intereses en litigio y manejo de los bienes del cliente

La naturaleza fiduciaria de las relaciones entre abogado y cliente exige que éstas estén fundadas en la honradez absoluta. En particular, debe darse pronta cuenta del dinero u otros bienes del cliente que vengan a su posesión y no debe mezclarlos con sus propios bienes ni permitir que se mezclen.
En el pasado, hemos interpretado como una práctica altamente lesiva a la profesión legal el que los abogados retengan fondos de sus clientes.(17) De igual modo, hemos enfatizado en que “[n]i la devolución del dinero retenido al cliente, ni la falta de intención para apropiárselos permanentemente eximen a un abogado de la sanción disciplinaria correspondiente”.(18) Así, hemos aclarado que tan solo “la dilación en la devolución de los fondos, de por sí, es causa suficiente para infringir el Canon 23”. (Énfasis suprimido).(19)
*317 La licenciada Rivera Navarro recibió de su dienta tres cheques pertenecientes al caudal hereditario que era materia del pleito. La letrada estaba encargada de consignar el dinero inmediatamente en el tribunal. Sin embargo, la licenciada retuvo los cheques y, posteriormente, los endosó y depositó en una cuenta bancaria personal exclusiva. Además, guardó silencio sobre el paradero de estos cheques a las otras partes del pleito en repetidas ocasiones cuando se le cuestionó. No es hasta que se solicitó una orden de arresto contra su representada que notificó que poseía los cheques, aunque no informó que habían sido depositados en una cuenta personal.
Por las actuaciones de la licenciada se tomaron medidas en contra de su entonces dienta e, incluso, se inició posteriormente un proceso civil en su contra para recuperar este dinero. Al momento de iniciado este proceso disciplinario, el tribunal le había ordenado varias veces a la licenciada Rivera Navarro que devolviera el dinero, pero esta hizo caso omiso. La conducta desplegada por esta letrada incumple con el Canon 23, supra, y es repudiada por ir en contra de la conducta que se les exige a los miembros de la profesión legal.
VIII

Infracción del Canon 35

El Canon 35 del Código de Etica Profesional, supra, dispone:

Canon 35. Sinceridad y honradez

La conducta de cualquier miembro de la profesión legal ante los tribunales, para con sus representados y en las relaciones con sus compañeros debe ser sincera y honrada.
No es sincero ni honrado el utilizar medios que sean inconsistentes con la verdad ni se debe inducir al juzgador a error utilizando artificios o una falsa relación de los hechos o del derecho. Es impropio variar o distorsionar las citas jurídicas, suprimir parte de ellas para transmitir una idea contraria a la *318 que el verdadero contexto establece u ocultar alguna que le es conocida.
El abogado debe ajustarse a la sinceridad de los hechos al examinar los testigos, al redactar afidávit u otros documentos, y al presentar causas. El destruir evidencia documental o facilitar la desaparición de evidencia testifical en un caso es también altamente reprochable.
En el pasado esta Curia ha enfatizado que el Canon 35, supra, exige a todo miembro de nuestra profesión legal desempeñarse con sinceridad y exaltación del honor y la dignidad de la profesión.(20) Así, el abogado incumple con este deber al proveer información falsa, que no se ajuste a la verdad o que oculte información que deba ser revelada al tribunal.(21) No puede ser de otra forma, pues nuestro sistema judicial se erige sobre la premisa de que los abogados, sobre quienes recae principalmente la misión de administrar la justicia, han de conducirse siempre con integridad ante los foros judiciales.(22)
Surge del Informe de la Comisionada Especial que la licenciada Rivera Navarro ha hecho falsas representaciones tanto al Tribunal de Primera Instancia como a este Tribunal Supremo, “tratando de desvirtuar la realidad de lo verdaderamente sucedido con el dinero que se le entregó para ser consignado; ofreciendo versiones contradictorias entre sí y ajenas a la verdad”.(23) En un principio, la licenciada alegó desconocer el paradero del dinero en controversia. Posteriormente, alegó al Tribunal de Primera Instancia que los cheques se encontraban en su oficina, pero que debían ser emitidos unos cheques nuevos por la fecha en que se emitieron. No obstante, la parte demandada tenía el expediente de la institución bancaria y este reflejaba que a la fecha esos cheques ya se habían endo *319 sado y depositado en una cuenta bancaria personal de la licenciada.
Las actuaciones de la licenciada provocaron incidentes innecesarios que retrasaron en gran medida la resolución del caso de su representada. Estas actuaciones perjudican nuestro sistema de administración de la justicia. Con esta conducta la licenciada Rivera Navarro se distanció de la conducta exigida por nuestro Canon 35, supra.
IX

Infracción del Canon 38

El Canon 38 del Código de Ética Profesional, supra, dispone que el abogado o la abogada “deberá esforzarse, al máximo de su capacidad, en la exaltación del honor y dignidad de su profesión, aunque el así hacerlo conlleve sacrificios personales y debe evitar hasta la apariencia de conducta profesional impropia”. Además, dis-pone que, “[p]or razón de la confianza pública en él depositada [...] todo abogado, tanto en su vida privada como en el desempeño de su profesión, debe conducirse en forma digna y honorable”.(24)
Hemos señalado que cada abogado representa la profesión y debe actuar con el más escrupuloso sentido de responsabilidad que impone la función social que ejerce.(25) En vista de esto, se le recomienda a todos los abogados actuar a un nivel superior, y no al margen, de lo establecido por los cánones del Código de Ética Profesional.(26)
*320 Con su conducta la licenciada Rivera Navarro no solo violó los Cánones 8, 9, 12, 18, 20, 23, 35 y 38 del Código de Ética Profesional, sino que demostró un aparente patrón de menosprecio por el honor y la dignidad de la profesión. En vez de desempeñarse con el propósito de exaltar el respeto y honor por la profesión legal, la gravedad de sus acciones ofende y lesiona la imagen de toda la profesión legal. Sin duda alguna, esta forma de desempeñarse incumple con los parámetros establecidos por el Canon 38, supra.
X
Por todo lo anterior, este Tribunal suspende inmediata e indefinidamente a la licenciada Rivera Navarro del ejercicio de la abogacía y la notaría. La licenciada deberá notificar a todos sus clientes de su inhabilidad de seguir representándolos, devolverles cualesquiera honorarios recibidos por trabajos no realizados e informar oportunamente de su suspensión a los foros judiciales y administrativos en los que tenga algún caso pendiente. Estas gestiones deberán certificarse a este Tribunal dentro del término de treinta días a partir de la notificación de esta Opinión “Per Curiam” y Sentencia. El Alguacil de este Tribunal deberá incautarse de la obra y del sello notarial de la Leda. Nereida Rivera Navarro y los entregará a la Oficina de Inspección de Notarías para el correspondiente examen e informe a este Tribunal.

Se dictará Sentencia de conformidad.

La Juez Asociada Señora Rodríguez Rodríguez no intervino. El Juez Asociado Señor Rivera García no interviene.

 4 LPRAAp. IX.

 El Sr. Luis Manuel Arroyo Palou falleció el 24 de junio de 2003.

 La Sra. María Luisa Arroyo Matta falleció el 9 de octubre de 2003.

 El giro de $48,687.32 estaba girado a favor de Jennie Marie Hayeck y Teresa Pérez, por lo que se le ordenó acudir a una sucursal del Banco Popular cercana para que se sustituyera por uno a favor del Secretario del Tribunal.

 Al momento no tenemos certeza absoluta en cuanto a si dichos fondos fueron descongelados. Sin embargo, vale destacar que el tribunal de instancia le ordenó en varias ocasiones más que restituyera los fondos restantes, pero a la fecha de la presentación de la queja ello aún no había ocurrido. Además, actualmente hay un pleito civil pendiente en el cual los miembros de la Sucesión reclaman a la licenciada Rivera Navarro la restitución de estos fondos. Por lo anterior, entendemos que la licenciada Rivera Navarro no ha restituido el dinero perteneciente al caudal hereditario.

 In re Guemárez Santiago, 191 DPR 611 (2014); In re Ortiz Delgado, 189 DPR 826 (2013), In re Falcón López, 189 DPR 689 (2013).

 4 LPRAAp. IX.

 In re Nieves Nieves, 181 DPR 25 (2011). Véase, además, In re Otero Fernández, 145 DPR 582 (1998).

8) In re Nieves Nieves, supra, pág. 35. Véase In re Roldos Matos, 161 DPR 373, 383 (2004), citando el texto no publicado de In re Quevedo Cordero, 147 DPR Ap. (1999).

 Según surge del expediente al momento de iniciarse el proceso disciplinario contra la licenciada Rivera Navarro, aún se adeudaba una suma considerable del dinero perteneciente al caudal hereditario del pleito.

 In re Vélez Lugo, 168 DPR 492, 496 (2006).

 In re López Montalvo, 173 DPR 193 (2008).

 In re Collazo I, 159 DPR 141 (2003); In re Pagán Hernández, 141 DPR 113 (1996).

 In re Collazo I, supra, pág. 149.

 In re Nieves Nieves, supra, pág. 36. Véase, además, In re Collazo I, supra, pág. 149.

 In re Avilés Vega, 141 DPR 627 (1996).

 In re Colón Hernández, 189 DPR 275, 283-284 (2013); In re Rivera Lozada, 176 DPR 215 (2009).

 In re Colón Hernández, supra, pág. 284.

 íd. Véanse: In re Rivera Lozada, supra; In re Bonilla Berlingeri, 175 DPR 897 (2009); In re Ríos Ríos, 175 DPR 57 (2008).

 In re Nieves Nieves, supra, pág. 41.

 íd.

 íd., pág. 42; In re Irrizary Vega, 176 DPR 241 (2009).

 Informe de la Comisionada Especial Eliadís Orsini Zayas, pág. 23.

 Canon 38 del Código de Ética Profesional, 4 LPRA Ap. IX.

 In re Morales Lozada, 192 DPR 239 (2015); In re Guemárez Santiago, supra; In re Santiago Ríos, 172 DPR 802, 822 (2007); In re Quiñones Ayala, 165 DPR 138, 145 (2005); In re Silvagnoli Collazo, 154 DPR 533, 541 (2001); In re Ortiz Brunet, 152 DPR 542, 556 (2000).

 In re Morales Lozada, supra, pág. 244; In re Nogueras Cartagena, 150 DPR 667 (2000).